# Supreme Court of Florida

_____

No. SC18-867
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CONTRACT AND
BUSINESS CASES—2018 REPORT.**

December 6, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Contract
and Business Cases (Committee) has submitted proposed changes to the standard
jury instructions and asks that the Court authorize the amended standard
instructions. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee filed its report in this case proposing amendments to the
"How to Use this Book" section, and to the following existing jury instructions:
416.4 (Breach of Contract—Essential Factual Elements); 416.20 (Interpretation—
Construction Against Drafter); 416.24 (Breach of Implied Covenant of Good Faith
and Fair Dealing); 416.25 (Affirmative Defense—Mutual Mistake of Fact); and
416.26 (Affirmative Defense—Unilateral Mistake of Fact).

In addition, the Committee proposes new instructions 416.41 (Misappropriation of Trade Secrets), 416.42 (Breach of Duty to Disclose—Residential), 416.43 (Piercing the Corporate Veil), 416.44 (Legal Status of Entities), 416.45 (Legal Cause), and 416.46 (Promissory Estoppel).

Lastly, the Committee proposes adding a new Appendix B with an Introductory Guide and the following new model verdict forms: 416.2 (Model Form of Verdict for Third-Party Beneficiary of Contract Claim); 416.3 (Model Form of Verdict for Formation of Contract); 416.4 (Model Form of Verdict for Breach of Contract); 416.5 (Model Form of Verdict for Oral or Written Contract Terms); 416.6 (Model Form of Verdict for Contract Implied in Fact); 416.7 (Model Form of Verdict for Contract Implied in Law); 416.8 (Model Form of Verdict for Formation of Contract—Offer); 416.10 (Model Form of Verdict for Contract Formation—Acceptance); 416.11 (Model Form of Verdict for Contract Formation—Acceptance by Silence or Conduct); 416.12 (Model Form of Verdict for Substantial Performance of Contract); 416.13 (Model Form of Verdict for Modification of Terms(s) of Contract); 416.14 (Model Form of Verdict for Interpretation—Disputed Term(s)); 416.15 (Model Form of Verdict for Interpretation—Meaning of Ordinary Words); 416.16 (Model Form of Verdict for Interpretation—Meaning of Disputed Technical or Special Words); 416.17 (Model Form of Verdict for Interpretation—Construction of Contract as a Whole); 416.18

(Model Form of Verdict for Interpretation—Construction by Conduct); 416.19 (Model Form of Verdict for Interpretation of Contract—Reasonable Time); 416.20 (Model Form of Verdict for Interpretation—Construction Against Drafter); 416.21 (Model Form of Verdict for Existence of Conditions Precedent Disputed); 416.22 (Model Form of Verdict for Occurrence of Agreed Condition Precedent of Contract Claim); 416.24 (Model Form of Verdict for Breach of Implied Covenant of Good Faith and Fair Dealing); 416.25 (Model Form of Verdict for Affirmative Defense—Mutual Mistake of Fact); 416.32(a) (Model Form of Verdict for Affirmative Defense—Statute of Limitations); 416.32(b) (Model Form of Verdict for Statute of Limitations Defense in a Breach of Contract Case); 416.33 (Model Form of Verdict for Affirmative Defense—Equitable Estoppel); 416.35 (Model Form for Affirmative Defense of Contract Claim—Judicial Estoppel); 416.36 (Model Form of Verdict for Affirmative Defense—Ratification); 416.37 (Model Form of Verdict for Goods Sold and Delivered); 416.38 (Model Form of Verdict for Open Account); 416.39 (Model Form of Verdict for Account Stated); 416.42 (Model Form of Verdict for Breach of Duty to Disclose—Residential); 416.43 (Model Form of Verdict for Piercing the Corporate Veil in Contract Claim); 416.44 (Model Form of Verdict for Legal Status of Entities in a Contract Claim); and 416.46 (Model Form of Verdict for Promissory Estoppel).

Because the Committee's proposals were published in the December 15, 2011, December 1, 2014, March 15, 2015, May 15, 2016, May 1, 2017, or September 1, 2017, issue of *The Florida Bar News*, with comments submitted in late 2014 and early 2015, the Court published the proposals in the July 1, 2018, edition of *The Florida Bar News*. No comments were received by the Court.

Having considered the Committee's report and the comments received by the Committee, we authorize the Committee's proposals for publication and use as set forth in the appendix to this opinion. New language is indicated by underlining and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions and verdict forms, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions or verdict forms nor contesting the legal correctness of the instructions or verdict forms. We further caution all interested parties that any notes on use or sources and authorities associated with the instructions or verdict forms reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions and verdict forms as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS.  A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions — Contract and Business Cases

Honorable Paul Lee Huey, Chair, Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases, Tampa, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

# APPENDIX

# HOW TO USE THIS BOOK

This book contains standard jury instructions prepared by the Florida Supreme Court Committee on Standard Jury Instructions in Contract and Business Cases. Because it is impossible to cover every circumstance or issue with standard instructions, this book includes only those instructions which occur with enough frequency to have warranted their preparation.

Although the Florida Supreme Court has approved this book, the Court has not expressed an opinion as to the instructions' correctness. Also, because of changes in the law, these instructions may become outdated or in need of revision or supplementation. For these reasons, parties remain free to contest a standard instruction's legal correctness or to request additional or alternative instructions.

A.    Getting Started.

When compiling a set of proposed instructions, the following minimum steps should be taken:

1.    Determine the current and complete law required for instructing the jury in your case.

2.    Make sure you are using the current version of Florida Standard Jury Instructions (FSJI). The official version of FSJI (Contract and Business) is located at the committee's website, ~~www.floridasupremecourt.org/contract_jury_instructions/ index.shtml~~ http://www.floridasupremecourt.org/jury_instructions.shtml. You also can check for the latest updates by accessing the most recent publication date on the "Court Decisions & Rules" link of the Florida Supreme Court's website homepage, www.floridasupremecourt.org. Also, check the "Rule Cases" link on the Clerk's Office webpage for instructions. Ensure that all updates from The Florida Bar are fully and correctly inserted in printed versions of the book, and check the committee's website for any approved instructions that have not yet reached publication.

3.    Compile a complete set of proposed instructions for your case from the instructions in this book and, if necessary, by modifying standard instructions or drafting your own case-specific instructions using other appropriate sources.

B.    Using This Book for the First Time.

The introductory passages below provide useful guidance for preparation of jury instructions by first-time users of this book. Assembling a set of proposed instructions for the trial judge follows custom and organization which may vary somewhat depending on the type of case, and the judge may have specific requirements as well. The standard instructions in this book are included as examples of how a set of instructions is customarily assembled. Even if these standard instructions are not specifically applicable to your particular case, they can assist you in organizing your proposed instructions. Remember that standard instructions may not fully cover the law in any given case, and case-specific instructions may be required.

C.    Finding the Right Instruction.

The instructions are listed by subject matter in the table of contents and in alphabetical order by name in the index. At the start of each section, there is a list of the instructions in that section. All instructions are numbered and presented in numerical order. An instruction may be located by number by quickly scanning the numbers in the running heads.

D.    Ensuring the Instruction Is Current.

Supplements to this book will have pages containing the date when the committee last revised the page. No date means the page was part of the original book. The authorities identified below certain instructions may include the dates for authorities on which the committee based the instruction. If the law has changed, the instruction may need to be modified accordingly. The committee's process of revising standard instructions can be lengthy because it involves discovering the need for a change, researching the law, preparing and revising proposed instructions, and publishing the proposed instructions for comment. Based on comments received, the proposed instructions may again be modified. Only after this process is completed does the committee submit the proposed instructions to the Florida Supreme Court for approval. Even if the Court approves new instructions, the instructions may not have appeared in a printed update to this book. All new instructions and revisions to this book, including the latest Florida Supreme Court opinions and text of instructions, are published on the Florida Supreme Court's website homepage, www.floridasupremecourt.org, and at ~~www.floridasupremecourt.org/contract_jury_ instructions/ index.shtml~~ http://www.floridasupremecourt.org/jury_instructions.shtml. Check the site to

ensure that the book you are using is up-to-date and to ensure that you have the instruction's most current version.

E.     Assembling a Set of Instructions.

This book is arranged in the order in which the trial judge normally will instruct the jury, together with additional sections covering oaths, voir dire, and instructions for evidentiary and supplemental issues. To improve juror understanding, the committee has used "plain English" terminology wherever possible without altering the instructions' substantive meaning.

F.     Drafting Case-Specific Instructions.

In most cases, standard jury instructions will be used to instruct the jury in whole or part. However, the committee has not developed standard instructions on substantive issues for all types of contract and business cases. The trial judge has the responsibility to choose and give appropriate and complete instructions in a given case, whether or not the instructions are "standard." *See, e.g.,*See, e.g., *In the Matter of the Use by the Trial Courts of the Standard Jury Instructions*, 198 So. 2d 319 (Fla. 1967).

When drafting case-specific instructions, the format, sequence, and technique used in the standard instructions should be followed to the extent possible. Any instructions in this book on introductory and procedural matters must be used to the extent that they correctly apply in a given case. Florida Rule of Civil Procedure Form 1.985 sets forth the procedure to be followed when varying from the standard jury instructions in this book.

G.     Referring to Instructions by Number.

Refer to instructions by number to facilitate cross-referencing in electronic versions, in case citations, and in publications by other publishers.

H.     Providing Written Instructions to the Jury.

Florida Rule of Civil Procedure 1.470(b) provides that the court shall furnish a written copy of its instructions to each juror. The trial judge must include all instructions. *All Bank Repos, Inc. v. Underwriters of Lloyds of London*, 582 So. 2d 692, 695 (Fla. 4th DCA 1991). The committee *strongly* encourages the trial judge to provide the written instructions to the jury before the judge's oral instructions so that jurors can follow along when the judge reads the instructions aloud. When

assembling the written instructions which the judge will supply to the jury, omit all titles, comments, and instructional notes.

I.      When Instructions Should Be Given.

Florida Rule of Civil Procedure 1.470(b) provides that instructions may be given during the trial and either before or after final argument. The timing of instructions is a matter within the sound discretion of the trial judge.

The committee envisions that before voir dire, the judge will give a brief explanation of the case. Once the jury has been selected, and before opening statements, the committee *strongly* recommends that the judge give jury instructions on the case. In most cases, the committee believes that it will be possible to give the jury a complete set of instructions. There will, however, be instances in which some instructions may depend on the admission of certain evidence or the judge's rulings, and it will not be possible to give a complete set of instructions. In those instances, the committee recommends giving a set of instructions as complete as possible to the jury.

These instructions are organized to facilitate giving the final instructions before final argument. The committee also *strongly* recommends that the judge consider giving the substantive law instructions before final argument. If the judge gives the instructions before final argument, the judge must give the final procedural instructions after counsel conclude final arguments.

J.      Included Instructions.

A brief description of the individual sections follows:

**SECTION 100:    OATHS**, contains the standard oaths which may be necessary before and during trial.

**SECTION 200:    PRELIMINARY INSTRUCTIONS**, contains instructions for use during jury selection and after the jury has been selected and sworn. The instructions for after the jury has been selected include the jury's duties and conduct. Because the committee contemplates that the judge will give the jury a full substantive instruction before trial begins, reference will also have to be made to some of the following sections.

**SECTION 300:    EVIDENCE INSTRUCTIONS**, contains instructions on how the jury must deal with various items of evidence or the judge's rulings.

**SECTION 400: SUBSTANTIVE INSTRUCTIONS**, contains the principal issues which the jury is to resolve and the legal principles which govern the resolution of those issues, organized according to specific causes of action.

It may not be sufficient in all cases merely to define and submit these basic issues to the jury. It may be necessary, for example, to instruct the jury concerning a preliminary issue. It also may be necessary to withdraw from the jury's consideration an issue about which there has been some controversy during the trial.

The instructions in section 400 are suitable for framing the issues regardless of whether the claim made is an original claim, a counterclaim, or a cross-claim. These instructions also can be used when one party makes two or more claims in the same action.

In cases in which a counterclaim or cross-claim exists, the judge ordinarily will concentrate on each claim separately, selecting the instructions from section 400 that are appropriate to that particular claim, charge the jury with respect to the issues on that claim including defense issues, and return again to the beginning of section 400 to give the instructions appropriate to the issues on the next claim.

**SECTION 500: DAMAGES**, contains instructions on damages arranged so that the various elements of damage proper for consideration in any given case may be selected. The model charges contain guidance on straightforward and complicated or multiple claim cases. It is up to the judge to find a convenient manner to instruct on multiple claims without misleading the jury.

**SECTION 600: SUBSTANTIVE INSTRUCTIONS — GENERAL**, contains basic instructions necessary in almost every case, such as weighing evidence.

**SECTION 700: CLOSING INSTRUCTIONS**, sets forth closing instructions and an instruction introducing the forms of verdict.

**SECTION 800: SUPPLEMENTAL MATTERS**, sets forth instructions for issues during jury deliberation and for discharging the jury.

**HOW TO WRITE AND USE JURY INSTRUCTIONS IN CIVIL CASES** and **VERDICT FORMS**, Appendices A and B are provided in this book to assist the user in preparing instructions and verdict forms.

K.      Variance from Standard Instructions.

The trial judge has the discretion to insert or omit minor words in a given instruction for clarity. The committee does not discourage such minor editorial modifications to conform a standard instruction to a given case or circumstance, provided the substance of the instruction is unchanged.

While minor, non-substantive modifications are permitted, Florida Rule of Civil Procedure ~~Form 1.985~~1.470(b) provides:

> ~~The forms of Florida Standard Jury Instructions appearing on the court's website at www.floridasupremecourt.org/jury-instructions/instructions.html may be used by the trial judges of this state in charging the jury in civil actions to the extent that the forms are applicable, unless the trial judge determines that an applicable form of instruction is erroneous or inadequate. In that event the trial judge shall modify the form or give such other instruction as the judge determines necessary to accurately and sufficiently instruct the jury in the circumstances of the action. In that event the trial judge shall state on the record or in a separate order the manner in which the judge finds the standard form erroneous or inadequate and the legal basis of that finding. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions contain a recommendation that a certain type of instruction not be given, the trial judge may follow the recommendation unless the judge determines that the giving of such an instruction is necessary to accurately and sufficiently instruct the jury, in which event the judge shall give such instruction as the judge deems appropriate and necessary. In that event the trial judge shall state on the record or on a separate order the legal basis of the determination that such instruction is necessary.~~The Florida Standard Jury Instructions appearing on the court's website at www.floridasupremecourt.org/jury_instructions.shtml shall be used by the trial judges of this state in instructing the jury in civil actions to the extent that the Standard Jury Instructions are applicable, unless the trial judge determines that an applicable Standard Jury Instruction is erroneous or inadequate. If the

trial judge modifies a Standard Jury Instruction or gives such other instruction as the judge determines necessary to accurately and sufficiently instruct the jury, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the legal basis for varying from the Standard Jury Instruction. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions contain a recommendation that a certain type of instruction not be given, the trial judge shall follow the recommendation unless the judge determines that the giving of such an instruction is necessary to accurately and sufficiently instruct the jury, in which event the judge shall give such instruction as the judge deems appropriate and necessary. If the trial judge does not follow such a recommendation of the Florida Standard Jury Instructions, upon timely objection to the instruction, the trial judge shall state on the record or in a separate order the legal basis of the determination that such instruction is necessary. Not later than at the close of the evidence, the parties shall file written requests that the court instruct the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the instructions to be given. At such conference, all objections shall be made and ruled upon and the court shall inform counsel of such instructions as it will give. No party may assign as error the giving of any instruction unless that party objects thereto at such time, or the failure to give any instruction unless that party requested the same. The court shall orally instruct the jury before or after the arguments of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. The court shall provide each juror with a written set of the instructions for his or her use in deliberations. The court shall file a copy of such instructions.

*See*See *McConnell v. Union Carbide Corp.*, 937 So. 2d 148, 153 (Fla. 4th DCA 2006), discussing the limited range of judicial discretion.

Note, however, that the contents of this book are approved for publication by the Florida Supreme Court subject to the following disclaimer, which appears in whole or in part in opinions approving standard instructions:

[W]e express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.

*Standard Jury Instructions-Civil Cases (No. 99-2)*, 777 So. 2d 378, 379 (Fla. 2000).

L.      Use of Special Verdicts.

Special verdicts are required or used in many cases. When that occurs, the committee recommends that the questions on the special verdict be incorporated into the jury instructions. An ideal place to do so is in the Burden of Proof instructions, where the "your verdict should be …" language should be changed to "answer question number ___ yes (or no)." This will be assist the jury in understanding how to decide the case and complete the special verdict form.

M.      Understanding the Signals in This Book.

Boldface type, brackets, parentheses, italics, Notes on Use, and Sources and Authorities are used in standard instructions to give certain directions as follows:

Boldface type identifies words upon which the trial judge must instruct the jury.

Brackets express variables or alternatives which the judge should select for instructing the jury. Bracketed material always appears in boldface type because some or all of the enclosed words must be provided as part of the instruction. The Notes on Use often provide guidance on the variables appropriate in a given circumstance.

Parentheses signify the need for the trial judge to insert a proper name, a specific item or element, or some other variable. Because the words within the parentheses are directional in nature and not spoken to the jury, they do not appear in boldface type. They merely serve as signals to insert names, titles, or other words that must be provided as part of the instruction. In like manner, throughout the instructions the parties are referred to as "claimant" and "defendant," and these labels may appear in parentheses. The committee does not intend that these labels

be used in the instructions which the judge gives to the jury. The judge should name or refer to the parties in the most convenient and clear way.

Italics identify directions to the trial judge.

Notes on Use may appear immediately after an instruction to provide guidance in the use of an instruction. Where the committee determines that an instruction on a particular subject does not materially assist the jury, or that the instruction is likely to be argumentative or negative, or is for other reasons inappropriate, the Notes on Use will contain the committee's recommendation that the judge give no instruction. Notes on Use also are used to set out the committee's reasons for recommending particular treatment.

Sources and Authorities may appear immediately after an instruction to provide the sources and authorities upon which the committee based the instructions. The committee uses only illustrative cases and avoids long lists of cases.

## 416.4 BREACH OF CONTRACT — ESSENTIAL FACTUAL ELEMENTS

**To recover damages from** (defendant) **for breach of contract,** (claimant) **must prove all of the following:**

1. (Claimant) **and** (defendant) **entered into a contract;**

2. (Claimant) **did all, or substantially all, of the essential things which the contract required [him] [her] [it] to do [or that [he] [she] [it] was excused from doing those things];**

3. **[All conditions required by the contract for** (defendant's) **performance had occurred;]**

4. **[**(Defendant) **failed to do something essential which the contract required [him] [her] [it] to do] [**(defendant) **did something which the contract prohibited [him] [her] [it] from doing and that prohibition was essential to the contract]; and**

*Note: If the allegation is that the defendant breached the contract by doing something that the contract prohibited, use the second option.*
5. (Claimant) **was ~~harmed~~damaged by that failure.**

- 14 -

**NOTE ON USE FOR 416.4**

In many cases, some of the above elements may not be contested. In those cases, users should delete the elements that are not contested so that the jury can focus on the contested issues.

**SOURCES AND AUTHORITIES FOR 416.4**

1.      An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages. *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). This general rule was enunciated by various Florida district courts of appeal. *See*See *Murciano v. Garcia*, 958 So. 2d 423, 423-24 (Fla. 3d DCA 2007); *Abbott Laboratories, Inc. v. General Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000); *Mettler, Inc. v. Ellen Tracy, Inc.*, 648 So. 2d 253, 255 (Fla. 2d DCA 1994); *Knowles v. C.I.T. Corp.*, 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977).

2.      To maintain an action for breach of contract, a claimant must first establish performance on the claimant's part of the contractual obligations imposed by the contract. *Marshall Construction, Ltd. v. Coastal Sheet Metal & Roofing, Inc.*, 569 So. 2d 845, 848 (Fla. 1st DCA 1990). A claimant is excused from establishing performance if the defendant anticipatorily repudiated the contract. *Hosp. Mortg. Grp. v. First Prudential Dev. Corp.*, 411 So. 2d 181, 182-83 (Fla. 1982). Repudiation constituting a prospective breach of contract may be evidenced by words or voluntary acts but refusal must be distinct, unequivocal and absolute. *Mori v. Matsushita Elec. Corp. of Am.*, 380 So. 2d 461, 463 (Fla. 3d DCA 1980).

3.      "Substantial performance is performance 'nearly equivalent to what was bargained for.'" *Strategic Resources Grp., Inc. v. Knight-Ridder, Inc.*, 870 So. 2d 846, 848 (Fla. 3d DCA 2003). "Substantial performance is that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance." *Ocean Ridge Dev. Corp. v. Quality Plastering, Inc.*, 247 So. 2d 72, 75 (Fla. 4th DCA 1971).

4.      The doctrine of substantial performance applies when the variance from the contract specifications is inadvertent or unintentional and unimportant so

that the work actually performed is substantially what was called for in the contract. *Lockhart v. Worsham*, 508 So. 2d 411, 412 (Fla. 1st DCA 1987). "In the context of contracts for construction, the doctrine of substantial performance is applicable only where the contractor has not willfully or materially breached the terms of his contract or has not intentionally failed to comply with the specifications." *National Constructors, Inc. v. Ellenberg*, 681 So. 2d 791, 793 (Fla. 3d DCA 1996).

5. "There is almost always no such thing as 'substantial performance' of payment between commercial parties when the duty is simply the general one to pay." *Hufcor/Gulfstream, Inc. v. Homestead Concrete & Drainage, Inc.*, 831 So. 2d 767, 769 (Fla. 4th DCA 2002).

## 416.20     INTERPRETATION—CONSTRUCTION AGAINST DRAFTER

**You must first attempt to determine the meaning of the ambiguous term[s] in the contract from the evidence presented and the previous instructions. If you cannot do so, only then should you consider which party drafted the disputed term[s] in the contract and then construe the language against that party.**

### NOTES ON USE FOR 416.20

1. This instruction endeavors to explain to the jury that this principle should be secondary to the consideration of other means of interpretation, principally the consideration of parol evidence that may explain the parties' intent at the time they entered into the contract. ~~*See*~~See *W. Yellow Pine Co. v. Sinclair*, 90 So. 828, 831 (Fla. 1922) (the rule to construe against the drafter should not be used if other rules of construction reach the intent of the parties); *The School Bd. of Broward Cnty. v. The Great Am. Ins. Co.*, 807 So. 2d 750 (Fla. 4th DCA 2002) (the rule to construe against the drafter is a secondary rule of interpretation and should be used as a last resort when all ordinary interpretive guides have been exhausted); *DSL Internet Corp. v. TigerDirect, Inc.*, 907 So. 2d 1203, 1205 (Fla. 3d DCA 2005) (the against-the-drafter rule is a rule of last resort and is inapplicable if there is evidence of the parties' intent). There is a risk that the jury may place too much emphasis on this rule, to the exclusion of evidence and other approaches; therefore, this instruction should be given with caution. One district court of appeal has held that express

contractual provisions prohibiting use of this principle must be enforced. *See Agile Assur. Group, Ltd. v. Palmer*, 147 So. 3d 1017 (Fla. 2d DCA 2014).

2.     ~~The Committee has been unable to find case law authority applying this principle when the contract contains language stating the contract will not be interpreted against the drafter.~~ If the contract at issue or an applicable statute provides that the contract will not be construed against the drafter, the Committee would suggest that this be taken into consideration before this instruction is used, particularly given the secondary rule of interpretation principle expressed in the preceding paragraph and established Florida law that every provision in a contract should be given meaning and effect. ~~*See*~~See *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So. 2d 938, 941 (Fla. 1979) (holding that every provision in a contract should be given meaning); ~~*see also*~~see also section 542.335(1)(h), Florida Statutes (providing an example in the context of not construing a restrictive covenant against the drafter).

3.     The Committee strongly recommends the use of this instruction in connection with a verdict form that clarifies, by special interrogatory, what the term or phrase is that the court has declared to be ambiguous. ~~*See*~~See *First Nat'l Bank of Lake Park v. Gay*, 694 So. 2d 784, 789 (Fla. 4th DCA 1997) (discussing that interrogatory verdict forms should track the same issues and defenses in the jury instructions).

**SOURCES AND AUTHORITIES FOR 416.20**

1.     The existence of this interpretation principle is well established. "An ambiguous term in a contract is to be construed against the drafter." *City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000). "Generally, ambiguities are construed against the drafter of the instrument." *Hurt v. Leatherby Ins. Co.*, 380 So. 2d 432, 434 (Fla. 1980). "[A] provision in a contract will be construed most strongly against the party who drafted it …." *Sol Walker & Co. v. Seaboard Coast Line R.R. Co.*, 362 So. 2d 45, 49 (Fla. 2d DCA 1978). Where the language of contract is ambiguous or doubtful, it should be construed against the party who drew the contract and chose the wording. *Vienneau v. Metropolitan Life Ins. Co.*, 548 So. 2d 856 (Fla. 4th DCA 1989); *Am. Agronomics Corp. v. Ross*, 309 So. 2d 582 (Fla. 3d DCA 1975). "To the extent any ambiguity exists in the interpretation of [a] contract, it will be strictly construed against the drafter." *Goodwin v. Blu*

- 17 -

*Murray Ins. Agency, Inc.*, 939 So. 2d 1098 (Fla. 5th DCA 2006); *Russell v. Gill*, 715 So. 2d 1114 (Fla. 1st DCA 1998).

2.      If only one party drafted a contract, then the jury should consider that party to be the drafter in the context of this instruction. However, if more than one party contributed to drafting a contract, provision, or term, then the jury should consider the drafter to be the party that actually chose the wording at issue. *Finberg v. Herald Fire Ins. Co.*, 455 So. 2d 462 (Fla. 3d DCA 1984); *Bacon v. Karr*, 139 So. 2d 166 (Fla. 2d DCA 1962). An additional tool the jury can utilize to determine who is the drafter is they can interpret the language at issue against the party which benefits from the language. *Belen School, Inc. v. Higgins*, 462 So. 2d 1151 (Fla. 4th DCA 1984); *Watson v. Poe*, 203 So. 2d 14 (Fla. 4th DCA 1967).

## 416.24 BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

~~In the contract in this case, there is an implied promise of good faith and fair dealing. This means that neither party will do anything to unfairly interfere with the right of any other party to the contract to receive the contract's benefits; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the contract's terms.~~<u>An implied covenant of good faith and fair dealing exists in all contracts.</u> (Claimant) **contends that** (defendant) **violated** ~~the duty to act in good faith and fairly under [a] specific part[s] of the contract~~<u>the implied covenant of good faith and fair dealing in the contract in this case</u>. **To establish this claim,** (claimant) **must prove all of the following:**

1.      (Claimant) **and** (defendant) **entered into a contract;**

2.      (Claimant) **did all, or substantially all, of the significant things that the contract required [him] [her] [it] to do [or that [he] [she] [it] was excused from having to do those things];**

3.      **All conditions required for** (defendant's) **performance had occurred;**

4.      ~~(Defendant's)~~ **actions [or omissions] unfairly interfered with** ~~(claimant's)~~ **receipt of the contract's benefits;**

- 18 -

**5<u>4</u>.**   (Defendant's) **conduct** ~~did not comport~~<u>was not consistent</u> **with** (~~claimant's~~<u>parties'</u>) **reasonable** ~~contractual~~ **expectations under [a]<u>[identify specific</u> ~~part~~<u>provision</u>(s) of the contract]; and**

**6<u>5</u>.**   (Claimant) **was** ~~harmed~~<u>damaged</u> **by** (defendant's) **conduct.**

## NOTE ON USE FOR 416.24

The question of whether a particular contract is one in which an implied covenant of good faith and fair dealing applies is a question for the trial court to answer in the first instance. <u>This instruction should not be used to rewrite or vary the express terms of the contract. See case notes.</u>

## SOURCES AND AUTHORITIES FOR 416.24

1.     The implied covenant of good faith and fair dealing exists in virtually all contractual relationships. ~~*Sepe v. City of Safety Harbor*, 761 So.2d 1182, 1184 (Fla. 2d DCA 2000); RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981)~~<u>*County of Brevard v. Miorelli Engineering, Inc.,* 703 So. 2d 1049, 1050–51 (Fla. 1998)</u>.

2.     The purpose of the implied covenant of good faith is "to protect the reasonable expectations of the contracting parties." *Ins. Concepts & Design, Inc. v. Healthplan Services, Inc.*, 785 So. 2d 1232, 1234–35 (Fla. 4th DCA 2001). ~~*See also*~~<u>See also</u> *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999) ("[T]he implied covenant of good faith and fair dealing is designed to protect the contracting parties' reasonable expectations.").

3.     The implied covenant of good faith "is a gap filling default rule" which comes into play "when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards." *Speedway SuperAmerica, LLC v. Tropic Enterprises, Inc.*, 966 So. 2d 1, 3 n.2 (Fla. 1st DCA 2007); ~~*see also*~~<u>see also</u> *Cox*, 732 So. 2d at 1097.

4.     "Because the implied covenant is not a stated contractual term, to operate it attaches to the performance of a specific or express contractual provision." *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005).

5.     The implied covenant of good faith cannot override an express contractual provision. *Snow*, 896 So. 2d at 791–92; ~~*see also*~~see also *Ins. Concepts*, 785 So. 2d at 1234.

6.     "The implied obligation of good faith cannot be used to vary the terms of an express contract." *City of Riviera Beach v. John's Towing*, 691 So. 2d 519, 521 (Fla. 4th DCA 1997); ~~*see also*~~see also *Ins. Concepts*, 785 So. 2d at 1234–35 ("Allowing a claim for breach of the implied covenant of good faith and fair dealing 'where no enforceable executory contractual obligation' remains would add an obligation to the contract that was not negotiated by the parties.") (citations omitted).

7.     Good faith means honesty, in fact, in the conduct of contractual relations. *Burger King Corp. v. C.R. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999) (citing *Harrison Land Dev. Inc. v. R & H Holding Co.*, 518 So. 2d 353, 355 (Fla. 4th DCA 1987))~~; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 205 cmt. a (1981)~~.


## 416.25 AFFIRMATIVE DEFENSE—MUTUAL MISTAKE OF FACT

(Defendant) **claims that [he] [she] [it] should be able to set aside the contract because the parties were mistaken about** (insert description of mistake)**. To establish this defense,** (defendant) **must prove the following:**

**1.     The parties were mistaken about** (insert description of mistake)**; and**

**2.     (Defendant) did not bear the risk of mistake. ~~A party~~(Defendant) bears the risk of a mistake when**

**[the parties' agreement assigned the risk to [him] [her] [it]]\***

**[or]**

**[[he] [she] [it] was aware, at the time the contract was made, that [he] [she] [it] had only limited knowledge about the facts relating to the mistake but decided to proceed with the contract].\*\***

*\* The court should give the first option only if the court finds that the contract is ambiguous regarding whether the contract assigns the risk to the defendant.*

*\*\*The court should give the second option only if there is ~~competent, substantial~~ evidence that, at the time the contract was made, the defendant had only limited knowledge with respect to the facts relating to the mistake but treated the limited knowledge as sufficient.*

## NOTES ON USE FOR 416.25

1.      The court should not give this instruction if it determines that the alleged mistake was not material.

2.      The court should not give this instruction if it finds that the contract unambiguously assigns the risk to the defendant or if the court assigns the risk of mistake to the defendant on the ground that it is reasonable under the circumstances to do so.

## SOURCES AND AUTHORITIES FOR 416.25

1.      "A party may avoid a contract by proving mutual mistake regarding a basic assumption underlying the contract. However, to prevail on this basis the party must also show he did not bear the risk of mistake." *Leff v. Ecker*, 972 So. 2d 965, 966 (Fla. 3d DCA 2007) (citation omitted).

2.      "A party bears the risk of a mistake when (a) the risk is allocated to him by agreement of the parties or (b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or (c) the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so." *Rawson v. UMLIC VP, L.L.C.*, 933 So. 2d 1206, 1210 (Fla. 1st DCA 2006) (quoting Restatement (Second) of Contracts § 154 (1979)).

## 416.26 AFFIRMATIVE DEFENSE—UNILATERAL MISTAKE OF FACT

(Defendant) **claims that [he] [she] [it] should be able to set aside the contract because [he] [she] [it] was mistaken about** (insert description of mistake)**. To establish this defense,** (defendant) **must prove all of the following:**

**1.** (Defendant) **was mistaken about** (insert description of mistake) **at the time the parties made the contract;**
**2.** **[The effect of the mistake is such that enforcement of the contract would be unconscionable]**

**[or]**

**[(Claimant) had reason to know of the mistake or [he] [she] [it] caused the mistake.]**

**and**

**3.** (Defendant) **did not bear the risk of mistake. A party bears the risk of a mistake when**

**[the parties' agreement assigned the risk to [him] [her] [it]]\***

**[or]**

**[[he] [she] [it] was aware, at the time the contract was made, that [he] [she] [it] had only limited knowledge about the facts relating to the mistake but decided to proceed with the contract].\*\***

*\* The court should give the first option only if the court finds that the contract is ambiguous regarding whether the contract assigns the risk to the defendant.*

*\*\* The court should give the second option only if there is competent, substantial evidence that, at the time the contract was made, the defendant had only limited knowledge with respect to the facts relating to the mistake but treated the limited knowledge as sufficient.*

**RESERVED**

**NOTES ON USE FOR 416.26**

- 22 -

1. ~~The court should not give this instruction if it determines that the alleged mistake was not material.~~The Committee does not find there is sufficient clarity in the law at this time that warrants a standard instruction on the affirmative defense of unilateral mistake to a breach of contract action. In *Maryland Casualty Co. v. Krasnek*, 174 So. 2d 541, 542 (Fla. 1965), the Florida Supreme Court recognized unilateral mistake as an equitable defense to a breach of contract action. In that case, the Court indicated that the defense applies if: (1) the mistake did not result from an inexcusable lack of due care in the circumstances; and (2) the non-mistaken party's position had not been so changed in reliance on the contract that it would be unconscionable to order rescission. *Id.* at 543.

2. ~~The court should not give this instruction if it finds that the contract unambiguously assigns the risk to the defendant or if the court assigns the risk of mistake to the defendant on the ground that it is reasonable under the circumstances to do so.~~Florida's district courts of appeal have interpreted the *Krasnek* test for unilateral mistake in different ways. For example, in *Rachid v. Perez*, 26 So. 3d 70, 72 (Fla. 3d DCA 2010), the Third District Court of Appeal articulated the elements of the defense as a four-part test as follows:

> (1) the mistake was induced by the party seeking to benefit from the mistake, (2) there is no negligence or want of due care on the part of the party seeking a return to the status quo, (3) denial of release from the agreement would be inequitable, and (4) the position of the opposing party has not so changed that granting the relief would be unjust.

3. By contrast, in *Garvin v. Tidwell*, 126 So. 3d 1224, 1228 (Fla. 4th DCA 2012), the Fourth District Court of Appeal articulated the elements of the defense as follows:

> a trial court may rescind an agreement based on unilateral mistake if "(1) the mistake did not result from an inexcusable lack of due care, and (2) defendant's position did not so change in reliance that it would be unconscionable to set aside the agreement." [Quoting *Stamato v. Stamato*, 818 So. 2d 662, 664 (Fla. 4th DCA 2002).] Additionally, we will look at whether the unilateral mistake goes to the "very substance of the agreement." [Quoting *Rock Springs Land Co. v. West*, 281 So. 2d 555, 556 (Fla. 4th DCA 1973); *Langbein v. Comerford*, 215 So. 2d 630, 631 (Fla. 4th DCA 1968).]

4.     Finally, in *Orkin Exterminating Co. v. Palm Beach Hotel Condominium Association, Inc.*, 454 So. 2d 697 (Fla. 4th DCA 1984), a different panel of the Fourth District quoted with approval the test for unilateral mistake set forth in the Restatement (Second) of Contracts, secs. 153, 154 (1979). *See also DePrince v. Starboard Cruise Services, Inc.*, 163 So. 3d 586 (Fla. 3d DCA 2015) (collecting cases and discussing the various formulations of the test for the unilateral mistake defense).

5.     Based on the foregoing, and pending further development in the law, the Committee offers no standard instruction on the unilateral mistake defense.

**SOURCES AND AUTHORITIES FOR 416.26**

1.     A contract may be "set aside on the basis of unilateral mistake unless (a) the mistake is the result of an inexcusable lack of due care or (b) the other party has so changed its position in reliance on the contract that rescission would be unconscionable." *BMW of N. Am. v. Krathen*, 471 So.2d 585, 588 (Fla. 4th DCA 1985) (citing *Maryland Cas. Co. v. Krasnek*, 174 So.2d 541 (Fla. 1965); *Orkin Exterminating Co. v. Palm Beach Hotel Condo. Ass'n, Inc.*, 454 So.2d 697 (Fla. 4th DCA 1984); *Pennsylvania Nat'l Mutual Cas. Ins. Co., v. Anderson*, 445 So.2d 612 (Fla. 3d DCA 1984)).

2.     Sections 153 and 154 of the Restatement (Second) of Contracts (1979) provide:

§ 153. When Mistake of One Party Makes a Contract Voidable.

Where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by him if he does not bear the risk of the mistake under the rule stated in § 154, and

(a)     the effect of the mistake is such that enforcement of the contract would be unconscionable, or

(b)     the other party had reason to know of the mistake or his fault caused the mistake.

§ 154. When a Party Bears the Risk of a Mistake.

A party bears the risk of a mistake when

(a)     the risk is allocated to him by agreement of the parties, or

(b)     he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or

(c)     the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so.


## 416.41 MISAPPROPRIATION OF TRADE SECRETS

(Claimant) claims that [he] [she] [it] had a trade secret and that (defendant) misappropriated that trade secret.

To prove that (claimant) had a trade secret, [he] [she] [it] must prove that:

**1.**     (Claimant) **had** (insert description of information) **that:**

    **a.**     **derived actual or potential independent economic value from not being generally known to other persons who could obtain value from its disclosure or use; and**

    **b.**     **was not readily ascertainable by proper means by other persons.**

**2.**     (Claimant) **took reasonable steps, under the circumstances, to maintain the secrecy of** (insert description of information)**.**

**If you find that** (claimant) **proved that [he] [she] [it] had a trade secret, then** (claimant) **must further establish that the trade secret was misappropriated by proving that:** *Select one or more of the following*:

    **a.**     *Acquisition Theory, § 688.002(2)(a)* **[**(Defendant) **acquired** (claimant's) **trade secret and** (defendant) **knew or had reason to know the trade secret was acquired through improper means, such as [theft]**

[bribery] [misrepresentation] [breach of a duty to maintain secrecy] [inducing a breach of duty to maintain secrecy] [espionage through electronic or other means].]

b. *Disclosure Theory, § 688.002(2)(b)(1)* [(Defendant) **disclosed or used** (claimant's) **trade secret without [his] [her] [its] [express] [implied] consent and** (defendant) **used improper means to acquire knowledge of the trade secret, such as [theft] [bribery] [misrepresentation] [breach of a duty to maintain secrecy] [inducing a breach of duty to maintain secrecy] [espionage through electronic or other means].]**

c. *Disclosure Theory, § 688.002(2)(b)(2)(a)* [(Defendant) **disclosed or used** (claimant's) **trade secret without [his] [her] [its] [express] [implied] consent at a time when** (defendant) **knew or had reason to know that [his] [her] [its] knowledge of** (claimant's) **trade secret came from or through a person who had used improper means to acquire that trade secret, such as [theft] [bribery] [misrepresentation] [breach of a duty to maintain secrecy] [inducing a breach of duty to maintain secrecy] [espionage through electronic or other means].]**

d. *Disclosure Theory, § 688.002(2)(b)(2)(b)* [(Defendant) **disclosed or used** (claimant's) **trade secret without** (claimant's) **[express] [implied] consent at a time when** (defendant) **knew or had reason to know that [he] [she] [it]acquired the trade secret under circumstances where [he] [she] [it] had a duty to maintain its secrecy or limit its use.]**

e. *Disclosure Theory, § 688.002(2)(b)(2)(c)* [(Defendant) **disclosed or used** (claimant's) **trade secret without [his] [her] [its] [express] [implied] consent at a time**

**when** (defendant) **knew or had reason to know that** (defendant's) **knowledge of** (claimant's) **trade secret was acquired from or through a person who owed a duty to** (claimant) **to maintain its secrecy or limit its use.]**

**f.** *Accident or Mistake Theory, § 688.002(2)(b)(3)* **[**(Defendant) **disclosed or used** (claimant's) **trade secret without [his] [her] [its] [express] [implied] consent, and before a material change in** (defendant's) **position, [he] [she] [it] knew or had reason to know that the information was a trade secret and that knowledge of the trade secret had been acquired by accident or mistake.]**

## NOTE ON USE FOR 416.41

1. For the liability elements of misappropriation of trade secrets see §688.002, Florida Statutes.

## 416.42    BREACH OF DUTY TO DISCLOSE— RESIDENTIAL

**To [recover damages from] [be entitled to rescind the transaction with]** (defendant) **for nondisclosure in connection with the purchase of residential real property,** (claimant) **must prove all of the following:**

1. **There was a condition in the property that:**

   a. **Materially and adversely affected the value of the property; and**

   b. **Was not readily observable and was not otherwise known to** (claimant)**.**

2. (Defendant) **knew of the condition and did not disclose it to** (claimant)**.**

## NOTES ON USE FOR 416.42

1.     *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985), held that "where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer. This duty is equally applicable to all forms of real property, new and used."

2.     "As crafted by the supreme court [in *Johnson v. Davis*], the materiality of a fact is to be determined objectively by focusing on the relationship between the undisclosed fact and the value of the property." *Billian v. Mobil Corp.*, 710 So. 2d 984, 987 (Fla. 4th DCA 1998).

3.     The committee takes no position on the precise parameters of the "readily observable" standard as that is generally a question of fact for the jury to determine. Compare *Nelson v. Wiggs*, 699 So. 2d 258 (Fla. 3d DCA 1997); *M/I Schottenstein Homes, Inc. v. Azam*, 813 So. 2d 91 (Fla. 2002); *Newbern v. Mansbach*, 777 So. 2d 1044 (Fla. 1st DCA 2001).


## 416.43     PIERCING THE CORPORATE VEIL

**A** (form of business entity) **is a legal entity separate from its owner(s). An owner can be an/a [individual] [(form of business entity)]. The owner(s) are not liable for the acts of the** (form of business entity) **unless there is a piercing of the corporate veil. In this case,** (claimant) **seeks to "pierce the corporate veil" between** (form of business entity) **and** (owner) **so as to impose obligations upon** (owner) **that otherwise would be owing, if at all, solely from** (form of business entity)**.**

**In order to pierce the corporate veil and hold** (owner) **liable for obligations of** (form of business entity)**,** (claimant) **must show that:**

1.     (Owner) **dominated and controlled** (form of business entity) **such that:**

   a.     (form of business entity)**'s separate identity was not sufficiently maintained, and**

   b.     (form of business entity) **lacked an existence**

- 28 -

**independent from** (owner)**; and**

**2.        The corporate form of** (business entity) **was [formed] [used] for a fraudulent or improper purpose; and**

**3.        (Claimant) was harmed by the fraudulent or improper [formation] [use] of the corporate form of** (business entity)**.**

**NOTES ON USE FOR 416.43**

1.        The context of each case dictates what terms should be inserted into the bracketed spaces. Sometimes, plaintiffs or other claimants sue both the business entity and the individual who are the subjects of the veil piercing claim, so the form instruction identifies the defendants as "(form of business entity)" and "owner," but this may not be appropriate in all cases. There may also be more than one entity or individual in any particular case.

2.        "The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984).

3.        Although this doctrine arose in the corporate context, case law appears to apply this doctrine to other business entities such as limited liability companies. See, e.g., *Houri v. Boaziz*, 196 So. 3d 383 (Fla. 3d DCA 2016) (discussing piercing the veil of limited liability companies).

**SOURCES AND AUTHORITIES FOR 416.43**

*Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984) (citing *Advertects v. Sawyer Industries, Inc.*, 84 So. 2d 21, 23, 24 (Fla. 1955)), is the seminal case on this topic; *Beltran v. Miraglia*, 125 So. 3d 855 (Fla. 4th DCA 2013) (causality of harm arose from improper conduct of the defendant); *Gasparini v. Pordomingo*, 972 So. 2d 1053 (Fla. 3d DCA 2008) (only one or few owners would not permit piercing of corporate veil even if it were the alter ego of the shareholder); *Steinhardt v. Banks*, 511 So. 2d 336 (Fla. 4th DCA 1987) (illegal purpose, fraud, or evading existing obligations).

## 416.44     LEGAL STATUS OF ENTITIES

**[Claimant] [Defendant] is a** (type of business entity)**. A** (type of business entity) **is a person under the law. All persons, whether** (type of business entity) **or individuals, are entitled to equal treatment under the law.**

**A** (type of business entity) **can act only through its [agent(s)] [employee(s)] [officer(s)] [director(s)] [manager(s)] [member(s)] [partner(s)].**

## NOTES ON USE FOR 416.44

1.     Not every entity (*e.g.*, sole proprietorships and general partnerships) may constitute a legal person, and the court should only give this instruction when the entity is recognized under the law as a separate legal person. A government organization may be a separate legal person under the law and, as determined by the court, may be deemed a business entity within the meaning of this instruction.

2.     The list of individuals through which an entity can act is not exhaustive. Additionally, individuals may act in more than one capacity on behalf of an entity, and an entity may act through more than one individual. The court should tailor this instruction as the circumstances of the case require when the entity is recognized under the law as a legal person.

3.     In an appropriate situation, it may be necessary for the court to instruct the jury whether the agent, employee, officer, director, manager, member, or partner of the entity is testifying on behalf of himself/herself, the entity, or both.

## 416.45     LEGAL CAUSE

*1.     Legal cause generally:*

**Breach of a fiduciary duty is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the breach of fiduciary duty, the [loss] [injury] [or] [damage] would not have occurred.**

- 30 -

*2.     Concurring cause:*

**In order to be regarded as a legal cause of [loss] [injury] [or] [damage] a breach of the fiduciary duty need not be the only cause. A breach of a fiduciary duty may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the breach of fiduciary duty contributes substantially to producing such [loss] [injury] [or] [damage].**

*3.     Intervening cause:*

*Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:\**

**\*[In order to be regarded as a legal cause of [loss] [injury] [or] [damage], breach of fiduciary duty need not be its only cause.] Breach of fiduciary duty may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the breach of fiduciary duty occurs if [such other cause was itself reasonably foreseeable and the breach of fiduciary duty contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the breach of fiduciary duty and the breach of fiduciary duty contributes substantially to producing it].**

## 416.46     PROMISSORY ESTOPPEL

**A party who has not entered a contract to do something, but who has promised to do something, sometimes has a legal obligation to fulfill the promise, but only when specific conditions are met. This is sometimes called "promissory estoppel." To recover damages from** (defendant) **for promissory estoppel,** (claimant) **must prove all of the following:**

1. (Defendant) **promised to [describe subject matter of alleged promise];**

2. (Defendant) **should have expected the promise to change** (claimant)**'s behavior;**

- 31 -

**3.    In reliance on** (defendant)**'s promise,** (claimant) **changed [his] [her] [its] behavior; and**

**4.    Injustice can be avoided only if the promise is enforced.**

**To "change behavior" means to do something of significance that the person otherwise would not have done, or to refrain from doing something of significance that the person otherwise would have done.**

**A claim of this kind must be proved by clear and convincing evidence, not just by the greater weight of the evidence. Your verdict will be for** (claimant) **on this claim only if you find by clear and convincing evidence each of the elements that I just described to you.**

## NOTES ON USE FOR 416.46

1.    The definition of the clear and convincing evidence standard is set forth in Standard Jury Instruction—Civil 405.4.

2.    No Florida court has directly decided the issue of whether the court or a jury should decide the issues related to a promissory estoppel claim; however, there are several Florida appellate decisions that have indicated that it is appropriate to submit such a claim to a jury. See, *e.g.*, *Sunshine Bottling Co. v. Tropicana Prods. Inc.*, 757 So. 2d 1231, 1232 (Fla. 3d DCA 2000) (concluding that trial court erred in entering a judgment notwithstanding the verdict and reversing and remanding for reinstatement of the jury's award on the promissory estoppel claim); *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 306 (Fla. 1st DCA 1999) (reversing order dismissing promissory estoppel claim and remanding with instructions for a jury trial).

## SOURCES AND AUTHORITIES FOR 416.46

1.    The Florida Supreme Court recognized the existence of an affirmative cause of action for promissory estoppel in *W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919 (Fla. 1989). The Court held that the doctrine applies "where the promise is definite, of a substantial nature, and established by clear and convincing evidence." *Id*. at 920. The Court further stated that "[t]he basic elements of promissory estoppel are set forth in Restatement (Second) of Contracts sec. 90 (1979)," and quoted the following from the Restatement: "A promise which

- 32 -

the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Id*. at 924. But see, *State, Dep't of Health and Rehabilitative Servs. v. Law Offices of Donald W. Belveal*, 663 So. 2d 650, 652 (Fla. 2d DCA 1995) ("The law of this state recognizes that the theory of promissory estoppel applies to the sovereign only under exceptional circumstances.").

2.    In *Doe v. Univision Television Grp., Inc*., 717 So. 2d 63, 65 (Fla. 3d DCA 1998), the court held that "the doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice."

3.    A cause of action for promissory estoppel is not available where the claim would be barred by the statute of frauds. *Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*, 45 So. 3d 897, 906 n. 8 (Cope, J., dissenting), citing *Tannenbaum v. Biscayne Osteopathic Hosp., Inc*., 190 So. 2d 777, 779 (Fla. 1966).


## APPENDIX B

## INTRODUCTORY GUIDE

The following Model Verdict forms are included as examples of how issues can be submitted to the jury. They may be changed on a case-by-case basis depending on the rulings and facts in a particular case. The Committee takes no position whether a special verdict form or a general verdict form is appropriate in any given case and that decision is left to the presiding court.

Historically, a general verdict form was considered appropriate. However, with the advent of special verdicts and bifurcation of issues, it is now common for cases to be submitted to the jury with a special verdict form. The committee has therefore drafted the following special verdict forms. None of the following are complete verdicts and in cases involving multiple affirmative defenses, more than one of these forms or a general verdict form may be used.

# FORM 416.2 MODEL FORM OF VERDICT FOR THIRD-PARTY BENEFICIARY OF CONTRACT CLAIM

## VERDICT

**Did** (claimant) **prove that** (contracting parties) **intended that** (claimant) **benefit from their contract?**

**YES ..........** **NO ..........**

**If your answer is NO, then your verdict is for** (defendant) **on this claim. If your answer is YES, you should proceed further as follows:**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTE ON USE FOR FORM 416.2

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.2 (Third-Party Beneficiary).

# FORM 416.3 MODEL FORM OF VERDICT FOR FORMATION OF CONTRACT

## VERDICT

**1.      Did** (claimant) **prove that the essential contract terms were clear enough so that the parties could understand what each party was required to do?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (claimant) **prove that** (claimant) **and** (defendant) **agreed to give each other something of value? [A promise to do something or not to do something may have value**].

**YES ..........**          **NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (claimant) **prove that** (claimant) **and** (defendant) **agreed to the essential terms of the contract?**

**YES ..........**          **NO ..........**

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

### NOTES ON USE FOR FORM 416.3

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.3 (Contract Formation—Essential Factual Elements).

2.      This form should be given only when the existence of a contract is contested. If both parties agree that they had a contract, then the form relating to whether a contract was formed would not need to be given. Users should omit elements in this form that are not contested so that the jury can focus on contested issues. Include the bracketed language only if it is an issue in the case.

### FORM 416.4. MODEL FORM OF VERDICT FOR BREACH OF CONTRACT

# VERDICT

**1.a.    Did** (claimant) **do all, or substantially all, of the essential things which the contract required [him] [her] [it] to do?**

**YES ..........          NO ..........**

**If your answer to 1.a. is NO, then answer 1.b. If your answer to 1.a. is YES, then skip question 1.b. and answer question 2.**

**1.b.    Was** (claimant) **excused from having to do all, or substantially all, of the essential things which the contract required [him] [her] [it] to do?**

**YES ..........          NO ..........**

**If your answers to questions 1.a and 1.b. are NO, your verdict is for defendant on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If you answered YES to either part of question 1, please answer question [2][3].**

**[2.    Did all of the conditions that were required for** (defendant's) **performance occur?**

**YES ..........          NO ..........**

**If your answer to question 2 is NO, your verdict is for defendant on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer [either part of] question 3.]** *Judge may require the jury to answer either part of question 3, or both.*

**3.    Did** (defendant) **fail to do something essential which the contract required [him] [her] [it] to do?**

**YES ..........          NO ..........**

> **Did** (defendant) **do something that the contract prohibited [him] [her] [it] from doing and that prohibition was essential to the contract?**
>
> **YES ..........          NO ..........**

**If your answer[s] to question 3 [is] [are both] NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If you answered YES to [either part of] question 3, please answer question 4.**

**4.      Was** (claimant) **damaged by that [failure] [prohibited conduct]?**

**YES ..........         NO ..........**

**If your answer to question 4 is NO, your verdict is for defendant on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 4 is YES, please answer question 5.**

**5.      What are** (claimant's) **damages as a result of the [failure] [prohibited conduct]?**

**Total:      _____**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.4

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.4 (Breach of Contract—Essential Factual Elements).

2.      Question 2 should only be used if the court finds the issue of condition precedent has been adequately raised.

## FORM 416.5 MODEL FORM OF VERDICT FOR ORAL OR WRITTEN CONTRACT TERMS

## NOTE ON USE FOR FORM 416.5

1.      The Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.5 (Interpretation—Disputed Term(s)).

## FORM 416.6 MODEL FORM OF VERDICT FOR CONTRACT IMPLIED IN FACT

## VERDICT

**1.      Was** (claimant's) **conduct intentional and did** (claimant) **know or should** (claimant) **have known that** (defendant) **understood** (claimant's) **conduct created a contract?**

**YES ..........          NO ..........**

**If your answer to question 1 is NO, [then go to question 3 if there is an assertion of a prior relationship] [your verdict is for** (defendant) **on this claim, and you should not proceed further on this claim and you should proceed to [Form** (number)**] [Question** (number)**]]. If your answer to question 1 is YES, please answer question 2.**

**2.      Was** (defendant's) **conduct intentional and did** (defendant) **know or should** (defendant) **have known that** (claimant) **understood** (defendant's) **conduct created a contract?**

**YES ..........          NO ..........**

**If your answer to question 2 is NO, [then go to question 3 if there is an assertion of a prior relationship] [your verdict is for** (defendant) **on this claim, and you should not proceed further on this claim and you should proceed to [Form** (number)**] [Question** (number)**]]. If your answer to question 2 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

**[3. Did the prior relationship between the parties, combined with all the circumstances in this case, create a contract?**

YES .......... NO ..........

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further on this claim and you should proceed to [Form** (number)**] [Question** (number)**]. If your answer to question 3 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.]**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

### NOTES ON USE FOR FORM 416.6

1. This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.6 (Contract Implied in Fact).

2. Use this form where there is no express contract, oral, or written, between the parties, and the jury is being asked to infer the existence of a contract from the facts and circumstances of the case.

3. In deciding whether a contract was created, the conduct and relationship of the parties as well as all the circumstances should be considered.

4. Do not use question 3 unless there is evidence of a course of dealing, usage of trade, or course of performance between the parties.

### FORM 416.7 MODEL FORM OF VERDICT FOR CONTRACT IMPLIED IN LAW

### VERDICT

**1. Did** (claimant) **prove that** (claimant) **gave a benefit to** (defendant)**?**

YES .......... NO ..........

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict**

**form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (claimant) **prove that** (defendant) **knew of the benefit?**

**YES ..........** **NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (claimant) **prove that** (defendant) **accepted or retained the benefit?**

**YES ..........** **NO ..........**

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.**

**4.** **Did** (claimant) **prove that the circumstances are such that** (defendant) **should, in all fairness, be required to pay for the benefit?**

**YES ..........** **NO ..........**

**If your answer to question 4 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 4 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

### NOTE ON USE FOR FORM 416.7

1. This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.7 (Contract Implied in Law).

# FORM 416.8 MODEL FORM OF VERDICT FOR CONTRACT FORMATION—OFFER

## VERDICT

**1.** **Did** (claimant) **prove that** (claimant) **communicated to** (defendant) **that** (claimant) **was willing to enter into a contract with** (defendant)**?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (claimant) **prove that the communication[s] between** (claimant) **and** (defendant) **contained the essential terms of the offer?**

**YES ..........** **NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (claimant) **prove that based on the communication[s],** (defendant) **could have reasonably concluded that a contract with these terms would result if** (defendant) **accepted the offer?**

**YES ..........** **NO ..........**

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.8 (Contract Formation—Offer).

2.      Do not give the verdict form unless the defendant has testified or offered other evidence in support of his or her contention. This verdict form assumes that the defendant is alleging that the claimant never made an offer. Change the identities of the parties in the indented paragraphs if, under the facts of the case, the roles of the parties are switched (*e.g.*, if defendant was the alleged offeror). If the existence of an offer is not contested, then this verdict form is unnecessary.

## FORM 416.10 MODEL FORM OF VERDICT FOR CONTRACT FORMATION—ACCEPTANCE

### VERDICT

**1.      Did** (claimant) **prove that** (defendant) **communicated [his] [her] [its] agreement to the terms of the offer?**

        **YES ..........          NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please [go to question 2 if there is evidence of an agreement to only certain terms] [go to question 3 if there is evidence of introduction of a new term into the bargain].**

[**2.      Did** (defendant) **prove that** (defendant) **agreed only to certain terms of the offer?**

        **YES ..........          NO ..........**

**If your answer to question 2 is YES, your verdict is for** (defendant) **on this claim, and you should not proceed further on this defense and you should proceed to [Form** (number)**] [Question** (number)**]. If your answer to question 2 is NO, please answer question 3.]**

**[3.   Did** (defendant) **prove that** (defendant) **introduced a new term into the bargain?**

**YES ..........   NO ..........**

**If your answer to question 3 is YES, your verdict is for** (defendant) **on this claim, and you should not proceed further on this claim and you should proceed to [Form** (number)**] [Question** (number)**]. If your answer to question 3 is NO, your verdict is for** (claimant) **on this claim, and you should not proceed further on this claim and you should proceed to [Form** (number)**] [Question** (number)**].]**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.10

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.10 (Contract Formation—Acceptance).

2.      Do not give this form unless the defendant has testified or offered other evidence in support of the defendant's contention.

3.      This form assumes that the defendant has denied accepting the claimant's offer. Change the identities of the parties in the indented paragraph, if under the facts of the case, the roles of the parties are switched.


## FORM 416.11 MODEL FORM OF VERDICT FOR CONTRACT FORMATION — ACCEPTANCE BY SILENCE OR CONDUCT

## VERDICT

**Did** (claimant) **prove that**

*Choose appropriate option(s):*

**1.a.**   (Claimant) **and** (defendant) **understood** (defendant's) **silence or inaction to mean that the offer was accepted?**

**[And] [or]**

**1.b.** (Defendant) **accepted the benefits of the offer?**

**[And] [or]**

**1.c.** (Defendant) **had a legal duty to speak from** (claimant's) **and** (defendant's) **[past relationship] [previous dealings] [or] [**(identify other circumstances)**]?**

**YES ..........** **NO ..........**

**If your answer to [this] [any of these] question(s) is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to [this] [all of these] question(s) is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further on this claim and you should proceed to [Form** (number)**] [Question** (number)**].**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

### NOTES ON USE FOR FORM 416.11

1. This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.11 (Contract Formation—Acceptance by Silence or Conduct).

2. Pending further development of the law, the Committee takes no position as to what "other circumstances" create a legal duty to speak.

### FORM 416.12 MODEL FORM OF VERDICT FOR SUBSTANTIAL PERFORMANCE OF CONTRACT

### VERDICT

**1.** **Did** (claimant) **prove that** (claimant) **performed in good faith?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict**

**form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2. Was** (claimant's) **performance so nearly equivalent to what was bargained for that it would be unreasonable to deny** (claimant) **the full contract price less an appropriate reduction, if any, for** (claimant's) **failure to fully perform?**

**YES ..........         NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

### NOTES ON USE FOR FORM 416.12

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.12 (Substantial Performance).

2.      The measure of any reduction referred to in question 2 should be addressed in the damages form.

### FORM 416.13 MODEL FORM OF VERDICT FOR MODIFICATION OF TERM(S) OF CONTRACT

### VERDICT

**1. Did** (claimant) **prove that** (claimant) **and** (defendant) **agree to a modification of the contract?**

**YES ..........         NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, your**

**verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

### NOTES ON USE FOR FORM 416.13

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.13 (Modification).

2.      The parties to a contract may agree to modify its terms. It must be decided whether a reasonable person would conclude from the words and conduct of (claimant) and (defendant) that they agreed to modify the contract. The parties' hidden intentions cannot be considered.

A contract in writing may be modified by a contract in writing, by a subsequent oral agreement between the parties, or by the parties' subsequent conduct [, if the modified agreement has been accepted and acted upon by the parties in such a manner as would work a fraud on either party to refuse to enforce it].

### FORM 416.14 MODEL FORM OF VERDICT FOR INTERPRETATION—DISPUTED TERM(S)

### NOTES ON USE FOR FORM 416.14

The Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.14 (Interpretation—Disputed Term(s)).

### FORM 416.15 MODEL FORM OF VERDICT FOR INTERPRETATION—MEANING OF ORDINARY WORDS

### NOTES ON USE FOR FORM 416.15

The Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.15 (Interpretation—Meaning of Ordinary Words).

## FORM 416.16 MODEL FORM OF VERDICT FOR INTERPRETATION—MEANING OF DISPUTED TECHNICAL OR SPECIAL WORDS

### NOTES ON USE FOR FORM 416.16

The Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.16 (Interpretation—Meaning of Disputed Technical or Special Words).

## FORM 416.17 MODEL FORM OF VERDICT FOR INTERPRETATION—CONSTRUCTION OF CONTRACT AS A WHOLE

### NOTES ON USE FOR FORM 416.17

The Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.17 (Interpretation—Construction of Contract as a Whole).

## FORM 416.18 MODEL FORM OF VERDICT FOR INTERPRETATION—CONSTRUCTION BY CONDUCT

### NOTES ON USE FOR FORM 416.18

The Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.18 (Interpretation—Construction by Conduct).

## FORM 416.19 MODEL FORM OF VERDICT FOR INTERPRETATION OF CONTRACT—REASONABLE TIME

### VERDICT

1.      **Did** (claimant) **prove that** (claimant) **performed (the requirement) within a reasonable amount of time?**

        **YES ..........          NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.19

This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.19 (Interpretation—Reasonable Time).

## FORM 416.20 MODEL FORM OF VERDICT FOR INTERPRETATION— CONSTRUCTION AGAINST DRAFTER

## NOTES ON USE

The Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.20 (Interpretation—Construction Against Drafter).

## FORM 416.21 MODEL FORM OF VERDICT FOR EXISTENCE OF CONDITIONS PRECEDENT DISPUTED

## VERDICT

**1.** **Did** (defendant) **prove that the contract between** (claimant) **and** (defendant) **provided that** (defendant) **was not required to** (insert duty) **unless** (insert condition precedent)**?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

- 48 -

**2.** **Did** (claimant) **prove that** (insert condition precedent) **[was performed] [occurred] [was waived]?**

**YES ..........** **NO ..........**

**If your answer to question 2 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

**NOTES ON USE FOR FORM 416.21**

1. This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.21 (Existence of Condition Precedent Disputed).

2. This verdict form should be given only where both the existence and the occurrence of a condition precedent are disputed. If only the occurrence of a condition precedent is disputed, use Form 416.22 (Occurrence of Agreed Condition Precedent).

3. If the issue of waiver arises, waiver should be defined as set forth in Instruction 416.30 (Affirmative Defense—Waiver).

**FORM 416.22 MODEL FORM OF VERDICT FOR OCCURRENCE OF AGREED CONDITION PRECEDENT OF CONTRACT CLAIM**

**VERDICT**

**1.** **Did** (claimant) **prove that** (insert condition precedent) **[was performed] [occurred] [was waived]?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant)**, on this claim, and you should not proceed further except to date and sign this**

**verdict form and return it to the courtroom. If your answer to question 1 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.22

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.22 (Occurrence of Agreed Condition Precedent).

2.      If both the existence and the occurrence of a condition precedent are disputed, use Form 416.21 (Existence of Conditions Precedent Disputed).

3.      If the issue of waiver arises, the court should define waiver as set forth in Instruction 416.30 (Affirmative Defense—Waiver).

## FORM 416.24. MODEL FORM OF VERDICT FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### VERDICT

**1.      Did** (defendant's) **actions [or omissions] unfairly interfere with** (claimant's) **receipt of the contract's benefits?**

**YES ..........          NO ..........**

**If your answer to question 1 is NO, your verdict is for defendant on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.      Did** (defendant's) **conduct not comport with** (claimant's) **reasonable contractual expectations under [a] specific part[s] of the contract?**

**YES ..........          NO ..........**

**If your answer to question 2 is NO, your verdict is for defendant on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.      Was** (claimant) **damaged by** (defendant's) **conduct on this claim?**

**YES ..........          NO ..........**

**If your answer to question 3 is NO, your verdict is for defendant on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, then your verdict is in favor of claimant.**

**YES ..........          NO ..........**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.24

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.24 (Breach of Implied Covenant of Good Faith and Fair Dealing).

2.      This form should be used in conjunction with other forms, such as contract formation and breach, as needed to include all of the required elements of the cause of action.

## FORM 416.25. MODEL FORM OF VERDICT FOR AFFIRMATIVE DEFENSE—MUTUAL MISTAKE OF FACT

## VERDICT

**1.      Were [both] [all] parties mistaken about** (insert description of mistake)**?**

**YES ..........          NO ..........**

**If your answer to question 1 is NO, you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.      Did** (defendant) **bear the risk of mistake?**

**YES ..........            NO ..........**

**If your answer to question 2 is NO, your verdict on this issue is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, your verdict is for claimant.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.25

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.25 (Affirmative Defense—Mutual Mistake of Fact).

2.      If circumstances warrant, then specific interrogatories may be submitted to the jury to determine whether the agreement assigned the risk to the defendant or defendant had only limited knowledge about the facts relating to the mistake but decided to proceed with the contract.

## FORM 416.32(a)  MODEL FORM OF VERDICT FOR AFFIRMATIVE DEFENSE—STATUTE OF LIMITATIONS

## VERDICT

**If a breach of contract occurred, did** (defendant) **prove that such breach occurred before** (insert date four or five years before date of filing suit)**?**

**YES ..........            NO ..........**

**If your answer to question 1 is NO, then verdict is for** (claimant) **on this defense, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is**

**YES, your verdict is for** (defendant) **on this defense, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTE ON USE FOR FORM 416.32(a)

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.32 (Affirmative Defense—Statute of Limitations).

## FORM 416.32. (b) MODEL FORM OF VERDICT FOR STATUTE OF LIMITATIONS DEFENSE IN A BREACH OF CONTRACT CASE

## VERDICT

**1.      Did** (defendant's) **breach of the contract at issue occur before .....**(insert date)**.....?**

**YES ..........          NO ..........**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.32(b)

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.32 (Affirmative Defense—Statutes of Limitations).

2.      The court determines the elements of a breach of contract and the jury determines the date the last element accrued.

3.      The court may modify this form in cases in which the statute of repose is in question.

4.      The court may modify this form in cases in which there are multiple or continuing breaches of contract.

# FORM 416.33 MODEL FORM OF VERDICT FOR AFFIRMATIVE DEFENSE—EQUITABLE ESTOPPEL

## VERDICT

**1.** **Did** (defendant) **prove that** (claimant) **[acted by** (describe material action)**] [spoke about** (describe material fact)**] [concealed or was silent about** (describe material fact) **at a time when** (claimant) **knew of** (that fact) (those facts)**]?**

**YES ..........**          **NO ..........**

**If your answer to question 1 is NO, then your verdict is for** (claimant) **on this defense, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (defendant) **prove that** (defendant) **relied in good faith upon** (claimant's) **[action] [words] [inaction] [silence]?**

**YES ..........**          **NO ..........**

**If your answer to question 2 is NO, then your verdict is for** (claimant) **on this defense, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (defendant) **prove that** (defendant's) **reliance on** (claimant's) **[action] [words] [inaction] [silence] caused** (defendant) **to change** (defendant's) **position for the worse?**

**YES ..........**          **NO ..........**

**If your answer to question 3 is NO, then your verdict is for** (claimant) **on this defense, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, then your verdict is for** (defendant) **on this defense, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTE ON USE FOR FORM 416.33

1. This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.33 (Affirmative Defense—Equitable Estoppel).

## FORM 416.35 MODEL FORM Of VERDICT FOR AFFIRMATIVE DEFENSE OF CONTRACT CLAIM—JUDICIAL ESTOPPEL

### NOTES ON USE FOR FORM 416.35

The committee has not drafted an instruction for the affirmative defense of judicial estoppel because judicial estoppel is an equitable doctrine which a court is to determine. Therefore, the Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.35 (Affirmative Defense—Judicial Estoppel).

## FORM 416.36 MODEL FORM OF VERDICT FOR AFFIRMATIVE DEFENSE—RATIFICATION

### VERDICT

**If your answer to [Form** (number)**] [Question** (number)**] is NO, then you should proceed no further on this [Verdict Form** (on this defense)**]; if your answer to [Form** (number)**] [Question** (number)**] is YES, please answer question 1.**

**1. Did** (defendant) **prove that** (claimant) **knew of the [act] [transaction]?**

**YES ..........        NO ..........**

**If your answer to question 1 is NO, then your verdict is for** (claimant) **on this defense, and you should not proceed further on this defense and you**

- 55 -

**should proceed to [Form** (number)**] [Question** (number)**]. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (defendant) **prove that** (claimant) **knew that** (claimant**) could reject the contract because of the [act] [transaction]?**

**YES ..........** **NO ..........**

**If your answer to question 2 is NO, then your verdict is for** (claimant) **on this defense, and you should not proceed further on this defense and you should proceed to [Form** (number)**] [Question** (number)**]. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (defendant) **prove that** (claimant) **[accepted the [act] [transaction]] [expressed [his] [her] [its] intention to accept the [act] [transaction]]?**

**YES ..........** **NO ..........**

**If your answer to question 3 is NO, then your verdict is for** (claimant) **on this defense, and you should not proceed further on this defense and you should proceed to [Form** (number)**] [Question** (number)**]. If your answer to question 3 is YES, your verdict is for** (defendant) **on this defense, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

### NOTE ON USE FOR FORM 416.36

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.36 (Affirmative Defense—Ratification).

### FORM 416.37 MODEL FORM OF VERDICT FOR GOODS SOLD AND DELIVERED

### VERDICT

**1.** **Did** (claimant) **sell and deliver goods to** (defendant)**?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (defendant) **fail to pay the [price agreed upon for] [reasonable value of] the goods which (claimant) sold and delivered to** (defendant)**?**

**YES ..........** **NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FORM 416.37

This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.37 (Goods Sold and Delivered).

## FORM 416.38 MODEL FORM OF VERDICT FOR OPEN ACCOUNT

## VERDICT

**1.** **Did** (claimant) **prove that** (claimant) **and** (defendant) **had [a transaction] [transaction(s)] between them?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (claimant) **prove that an account existed between** (claimant) **and** (defendant) **in which the parties had a series of charges, payments, or adjustments?**

**YES ..........**          **NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (claimant) **prove that** (claimant) **prepared an itemized statement of the account?**

**YES ..........**          **NO ..........**

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.**

**4.** **Did** (claimant) **prove that** (defendant) **owes money on the account?**

**YES ..........**          **NO ..........**

**If your answer to question 4 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 4 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.38

1.      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.38 (Open Account).

## FORM 416.39 MODEL FORM OF VERDICT FOR ACCOUNT STATED

## VERDICT

**1.** **Did** (claimant) **prove that** (claimant) **and** (defendant) **had a transaction(s) between them?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **a. Did** (claimant) **prove that** (claimant) **and** (defendant) **agreed upon the balance due?**

**YES ..........** **NO ..........**

**If your answer to 2.a. is NO, please answer question 2.b. If your answer to question 2.a. or b. is YES, please answer question 3.**

**2.** **b. Did** (claimant) **prove that** (claimant) **rendered a statement to** (defendant) **and** (defendant) **failed to object within a reasonable time to a statement of** (defendant's) **account?**

**YES ..........** **NO ..........**

**If your answer to 2.b. is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2.b. is YES, please answer question 3.**

**3.** **Did** (defendant) **expressly or implicitly promise to pay** (claimant) **[the balance] [amount set forth in the statement]?**

**YES ..........** **NO ..........**

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.**

**4.** **Has** (defendant) **not paid** (claimant) **[any] [all] of the amount owed under the account?**

        **YES ..........**        **NO ..........**

**If your answer to question 4 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 4 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.39

This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.39 (Account Stated).

## FORM 416.42 MODEL FORM OF VERDICT FOR BREACH OF DUTY TO DISCLOSE—RESIDENTIAL

## VERDICT

**1.** **Did** (claimant) **prove that there was a condition in the property that materially and adversely affected the value of the property?**

        **YES ..........**        **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (claimant) **prove that the condition in the property that materially and adversely affected the value of the property was not readily observable and was not otherwise known to** (claimant)**?**

        **YES ..........**        **NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (claimant) **prove that** (defendant) **knew of the condition and did not disclose it to** (claimant)**?**

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.42

This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.42 (Breach of Duty to Disclose—Residential).

## FORM 416.43 MODEL FORM OF VERDICT FOR PIERCING THE CORPORATE VEIL IN CONTRACT CLAIM

## VERDICT

**1.** **Did** (claimant) **prove that** (defendant) **dominated and controlled** (form of business entity) **such that** (form of business entity)**'s separate identity was not sufficiently maintained?**

**YES ..........**          **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (claimant) **prove that** (defendant) **dominated and controlled** (form of business entity) **such that** (form of business entity) **lacked an existence independent from (defendant)?**

**YES ..........** **NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (claimant) **prove that the corporate form of** (business entity) **was [formed] [used] for a fraudulent or improper purpose?**

**YES ..........** **NO ..........**

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.**

**4.** **Did** (claimant) **prove that the fraudulent or improper [formation] [use] of the** (business entity's) **corporate form harmed** (claimant)**?**

**YES ..........** **NO ..........**

**If your answer to question 4 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

*[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

### NOTES ON USE FOR FORM 41.43

This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.43 (Piercing the Corporate Veil).

- 62 -

# FORM 416.44 MODEL FORM OF VERDICT FOR LEGAL STATUS OF ENTITIES IN A CONTRACT CLAIM

## NOTES ON USE

The Committee does not believe a verdict form is necessary for Standard Jury Instruction—Contract and Business 416.44 (Legal Status of Entities).

# FORM 416.46 MODEL FORM OF VERDICT FOR PROMISSORY ESTOPPEL

## VERDICT

**1.** **Did** (claimant) **prove that** (defendant) **promised to** (subject matter of alleged promise)**?**

**YES ..........** **NO ..........**

**If your answer to question 1 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Did** (claimant) **prove that** (defendant) **should have expected the promise to alter** (claimant's) **behavior?**

**YES ..........** **NO ..........**

**If your answer to question 2 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.**

**3.** **Did** (claimant) **prove that** (claimant) **changed** (claimant's) **behavior by relying on** (defendant's) **promise?**

**YES ..........** **NO ..........**

**If your answer to question 3 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict**

**form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.**

      **4.    Did** (claimant) **prove that injustice can be avoided only if the promise is enforced?**

      **YES ..........          NO ..........**

      **If your answer to question 4 is NO, your verdict is for** (defendant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 4 is YES, your verdict is for** (claimant) **on this claim, and you should not proceed further except to date and sign this verdict form and return it to the courtroom.**

      *[Insert further instructions regarding proceeding to additional questions, as appropriate.]*

## NOTES ON USE FOR FORM 416.46

      This model verdict form should be used in conjunction with Standard Jury Instruction—Contract and Business 416.46 (Promissory Estoppel).